OPINION OF THE COURT
Julian A. Hertz, J.
The question before the court concerns one facet of the doctrine of People v Sandoval (34 NY2d 371) which provides that a defendant’s prior criminal, vicious, or immoral acts may not be introduced upon cross-examination for the purpose of impeaching his credibility as a witness where the nature of this evidence is so highly prejudicial as to "far [outweigh] the probative worth of the evidence on the issue of credibility” (p 376). The novel issue presented by the present motion is whether a defendant being tried before a Judge without a jury is entitled to the application of the Sandoval doctrine.
Since the decided cases do not touch the question this court proceeds to observe that Judge Fuchsberg in People v Davis (44 NY2d 269, 274) speaking for the court, seems to have *492 suggested the answer, although this issue was not squarely before the court in that case. He said:
"The People’s interest in exploring the veracity of a witness, including an accused, must be balanced against the risk that the presumption that a defendant is innocent may go by the board solely because of a jury’s natural tendency to conclude, despite limiting instructions, that a defendant who has committed previous crimes is either the kind of person likely to have committed the crime charged or is deserving of punishment in any event (see People v Mayrant, 43 NY2d 236; People v Dickman, 42 NY2d 294, 297; Griswold, The Long View, 51 ABAJ 1017, 1021; McGowan, Impeachment of Criminal Defendants by Prior Convictions, 1970 Ariz State LJ 1; statistical support can be found in Kalven & Zeisel, The American Jury, pp 124, 126-130, 144-146, 160-162).
"These opposing forces, however, are easier to comprehend than to apply. Required, therefore, is the exercise of a sound discretion on the part of the Trial Judge.”
In the view of this court, the key words are "a jury’s natural tendency to conclude, despite limiting instructions”. (Emphasis supplied.) The situation in a single-Judge trial includes no such element; the Judge is not free to disregard the impact of the rule which he himself must direct (in jury trials) shall govern the conduct of the jury when a case involves its participation. Underlying the Sandoval exclusionary rule is a tacit recognition that the court is powerless to limit the jury’s consideration of such evidence of prior bad acts and convictions to the only purpose for which its introduction would be permissible — the impeachment of the defendant’s credibility as a witness. The highest court of this State has deemed the problem sufficiently significant to hold, as a matter of law, that in those instances affirmatively affected by the Sandoval doctrine the danger posed by the possibility of the jury’s disregard of the Trial Judge’s instruction as to the limited role such evidence may play in the jury’s deliberations outweighs the potential for good in allowing a jury to consider records of stale crimes and misdeeds that "seldom have any logical bearing on the defendant’s credibility, veracity or honesty at the time of trial”. (People v Sandoval, supra, p 377.)
It is worth noting that the language in Sandoval (particularly on p 376) employs the phrase "jury or court” in three instances. This court cannot account for that repeated specific *493 inclusion, especially when that court, on the same page, also specifically embraced language including “impact on the triers of fact”, which is indicative of an intent to limit the application of its decision to jury trials.
Based on the foregoing reasons, the defendant’s Sandoval motion is denied.