■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER REZEY, Appellant. — Levine, J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered July 12, 1983, upon a verdict convicting defendant of the crimes of

arson in the second degree, burglary in the third degree and petit larceny.

The events out of which defendant's indictment and conviction arose began at about 11:15 P.M. on June 17, 1982, when the City of Albany Fire Department was called to respond to a fire at premises defendant and a Linda Gosse had leased and operated as a submarine sandwich shop on Central Avenue in the City of Albany. Fire department investigators concluded from their examination of the burned premises that the fire had an incendiary origin. The fire had effectively destroyed the interior of the shop. About two weeks later, defendant returned to the shop with another person and removed a compressor which belonged to the owner of the building. Defendant was thereafter indicted for arson in the second degree for causing the fire and burglary in the third degree and grand larceny in the third degree in connection with the entry and removal of the compressor. He was convicted, after trial, of arson and burglary, as charged, and petit larceny. He received consecutive prison sentences of 12½ to 25 years and 3½ to 7 years for the two felonies and an unconditional discharge on the misdemeanor conviction. This appeal by defendant ensued.

The first point defendant raises on appeal is that of ineffective assistance of counsel. We find no merit in this contention. Defense counsel's trial strategy in this circumstantial evidence case was to show that defendant had no motive to set the fire which destroyed his business establishment and to attack the prosecution's witnesses who described observing him leaving the shop minutes before the fire was detected. Defense counsel pursued this strategy consistently throughout the trial. Thus, he introduced testimony and documentary evidence that the business had gradually improved since its inception to the point where it was showing a substantial profit at the time of the fire. Counsel also showed technical skill in making appropriate objections during the direct testimony of the witnesses placing defendant at the scene and in cross-examining those witnesses to the point where he had demonstrated some inconsistencies in their stories. And in summation, defense counsel effectively used the foregoing evidentiary points to argue that the prosecution failed to prove its case. With this specific defense strategy in mind, many of the deficiencies in tactics defendant now points to as cumulatively showing ineffectiveness become irrelevant. Even in hindsight, it is difficult to fault defense counsel's approach, particularly since it was sufficiently effective to extend the jury's deliberations to three days before a guilty verdict was returned, after the jury had earlier reported it was deadlocked.

Without any indication in the record concerning the nature of the testimony that would have been given by a missing defense witness, defense counsel's alleged error in not subpoenaing him is unreviewable on direct appeal (*People v Martin,* 52 AD2d 988). Nor do we find it significant here, on the issue of ineffective representation, that defense counsel failed to speak on defendant's behalf at sentencing. Having appeared and participated on defendant's behalf throughout all of the proceedings, he was fully familiar with all the facts and, presumably, was also aware that any statement would have had little effect on the sentence imposed by a court that was equally familiar with the facts adduced at the trial and with defendant's status as a predicate felon (*cf. People v Edmond,* 84 AD2d 938; *People v Gonzalez,* 43 AD2d 914). Viewing the record as a whole, it cannot be said that defense counsel failed to provide defendant with meaningful representation (*see, People v Morris,* 64 NY2d 803; *People v Baldi,* 54 NY2d 137, 147).

We are equally unpersuaded by defendant's argument that the circumstantial evidence presented by the prosecution was insufficient as a matter of law to support the conviction. As previously discussed, witnesses observed defendant leaving the crime scene minutes before the fire was first noticed. There was no sign that the building had been forcibly entered. Defendant and the co-owner had postponed insuring the premises until just two months before the fire, and there was evidence that their property had been overinsured. Although defendant introduced evidence to the contrary, there was other evidence suggesting that the business was pressed financially. Moreover, the witnesses identifying defendant at the scene immediately before the fire began, if believed, contradicted defendant's statement to the police on when he left the shop and arrived home. Viewing the evidence, as we must, in the light most favorable to the prosecution, the jury could logically and naturally infer that defendant set the fire, the incendiary origin of which was uncontested (*see, People v Benzinger,* 36 NY2d 29, 32). Although defendant attempted to cast suspicion on a previously fired employee who had at one time possessed a key to the premises, the possibility that the former employee coincidentally appeared on the scene, entered the building and set the fire during the brief period between defendant's departure and the fire's discovery (15 to 20 minutes, under defendant's version, 5 to 10 minutes according to the other witnesses) is so remote and speculative as not to create a reasonable doubt.

The only other point raised by defendant worthy of discussion relates to the trial court's failure to charge the jury that the person who accompanied defendant in removing the compressor

and then received it from him was an accomplice in the burglary and larceny as a matter of law. That individual testified that he was led by defendant to believe that defendant owned the compressor. If believed, the witness would therefore lack the requisite *mens rea* to be held criminally responsible as a result of participating in that incident. Therefore, the court correctly held that he was not an accomplice as a matter of law and submitted the issue to the jury as a question of fact (*see, People v Torello,* 94 AD2d 857).

Finally, given the heinous nature of the arson committed and defendant's prior criminal history, we find no basis to disturb the sentence imposed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.