■ The People of the State of New York, Respondent, v Joseph DiBlasi, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered June 6, 1983, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal the defendant contends that the circumstantial evidence, consisting solely of fingerprints found at the scene of the crime, was insufficient to support a guilty verdict. It is axiomatic that where a conviction is based solely on circumstantial evidence, in order for guilt to be proven beyond a reasonable doubt, the hypothesis of guilt should flow naturally from the facts proved and be consistent with them; and the facts proved must exclude to a moral certainty every reasonable hypothesis of innocence (People v Benzinger, 36 NY2d 29; People v Paul, 114 AD2d 426). Here the evidence indicated that one of the defendant's fingerprints was found on the interior side of a piece of glass from a garage door window which the burglar had broken to gain entry to the premises. Although testimony indicated that the defendant did occasionally frequent the premises during business hours, he never had access to the garage area where his fingerprint was found. Based on the evidence presented, the jury was entitled to find that the facts excluded every reasonable hypothesis of innocence.

The defendant's second claim that certain testimony was unduly prejudicial is without merit as the trial court struck the testimony from the record and gave the jury prompt and adequate curative instructions (see, People v Santiago, 52

NY2d 865; *People v Watson,* 121 AD2d 487). Bracken, J. P., Neihoff, Kooper and Sullivan, JJ., concur.