■ The People of the State of New York, Respondent, v John C. Cortese, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Martin, J.), rendered March 28, 1985, convicting him of arson in the second degree, criminal mischief in the second degree and arson in the fourth degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the court at this nonjury trial improperly denied his application for a *Sandoval* hearing *(People v Sandoval,* 34 NY2d 371), ruling instead that he

should challenge any inquiry into his prior misconduct upon cross-examination by objections which would be promptly ruled upon, is unpersuasive. While the better practice would have been to give the defendant an advance ruling in this regard, in light of the belated nature of the defendant's request for a hearing and his intention to testify regardless of the court's ruling, we find no error in this regard *(see, People v Ortero,* 75 AD2d 168, 173-174; *cf., People v Rosa,* 96 Misc 2d 491).* Moreover, the defendant's argument that the Trial Judge should not have been permitted access to information regarding his criminal history, but that a Judge other than the one who would serve as the trier of fact should have rendered a *Sandoval* determination, has been recently rejected by the Court of Appeals in *People v Moreno* (70 NY2d 403, 406), since, "[u]nlike a lay jury, a Judge 'by reasons of * * * learning, experience and judicial discipline, is uniquely capable of distinguishing the issues and of making an objective determination' based upon appropriate legal criteria, despite awareness of facts which cannot properly be relied upon in making the decision" (quoting *People v Brown,* 24 NY2d 168, 172). Thus, " 'it suffices to say that there is no prohibition against the same Judge conducting a pretrial hearing as well as the trial itself' " *(People v Moreno, supra,* at 406, quoting *People v De Curtis,* 63 Misc 2d 246, 249, *affd* 29 NY2d 608, *cert denied* 404 US 940; *see, People v Latella,* 112 AD2d 324, *lv denied* 65 NY2d 983, 66 NY2d 616; *People v Lombardi,* 76 AD2d 891). The record is devoid of any evidence that the Trial Judge harbored any " 'bias or prejudice or unworthy motive' " against the defendant *(People v Moreno, supra,* at 407, quoting *Matter of Johnson v Hornblass,* 93 AD2d 732, 733) and thus, the defendant's claim must be rejected.

Similarly unavailing is the defendant's claim that the People were improperly permitted to elicit from an investigator testimony as to a statement made by the defendant since they did not serve notice of their intention to do so prior to trial pursuant to the dictates of CPL 710.30. Initially, it is observed that by failing to object to the elicitation of the testimony on the ground that he did not receive statutory notice, the defendant waived his right to raise this issue on appeal *(see, People v Ross,* 21 NY2d 258; *People v Webb,* 97 AD2d 779). In any event, notice was not required since the People did not intend to utilize the statement as part of their direct case, eliciting testimony as to it only upon redirect examination once defense counsel " 'opened the door' " to such questioning

*(People v Melendez,* 55 NY2d 445, 450; *People v Webb, supra).* Moreover, since the "obvious purpose of the statute is to give a defendant adequate time to prepare his case for questioning the voluntariness of a confession or admission" *(People v Ross, supra,* at 262), where there is no question of voluntariness regarding the statement, the notice of intention need not be served *(see, People v Greer,* 42 NY2d 170, 178; *People v Pray,* 99 AD2d 915; *People v Early,* 85 AD2d 752). At bar, the statement was not made to law enforcement officials but merely overheard; as such, no question of voluntariness can be said to have arisen.

We have considered the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be without merit. Mangano, J. P., Brown, Rubin and Harwood, JJ., concur.