■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK OGLESBY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered November 26, 1984, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed, without prejudice to the People to represent any appropriate charges to another Grand Jury (see, *People v Beslanovics,* 57 NY2d 726). Upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the Supreme Court, Kings County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance, or fixing bail, or committing him to the

custody of the Commissioner of the New York City Department of Correction pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof *(cf.,* CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of a resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of the order of this court to be made hereon, provided that such period may, for good cause shown, be extended by the Supreme Court, Kings County, to a designated subsequent date if such be necessary to accord the People reasonable opportunity to resubmit the case to a Grand Jury. Findings of fact have been considered and are determined to be established.

The defendant's contention that the People failed to prove his guilt beyond a reasonable doubt is without merit. Viewing the evidence in the light most favorable to the prosecution, as we must, any rational trier of fact could have found the elements of the crimes charged beyond a reasonable doubt *(see, Jackson v Virginia,* 443 US 307, 319, *reh denied* 444 US 890; *People v Lewis,* 64 NY2d 1111, 1112). Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

However, the matter must be remitted for a new trial. Prior to trial, but following the defendant's waiver of his right to a jury trial, his trial counsel requested that the trial court issue a ruling as to which, if any, of the defendant's prior crimes would be a proper subject of cross-examination if he took the stand. The Trial Judge refused to make such a ruling inasmuch as he felt that it would unduly prejudice him to review the defendant's criminal history. Moreover, the court directed the prosecutor "to do what I would do and, that is to say, balance, balance the necessity for giving the judge the impeaching materials against the danger of prejudicing the defendant by trotting out a list of convictions that may have nothing to do with credibility as such".

On appeal, the defendant contends that the court's failure to rule on his *Sandoval* motion *(People v Sandoval,* 34 NY2d 371) improperly denied him his right to testify on his own behalf. We agree. The policy underlying *Sandoval* was that the accused has the right to make an informed choice concern-

ing the important determination as to whether he should take the stand *(People v Sandoval, supra,* at 375). In this regard, the Court of Appeals noted that an advance ruling aids the defendant in answering the following significant question, "[w]ill the testimony to be elicited in cross-examination have a disproportionate and improper impact *on the triers of fact?" (People v Sandoval, supra,* at 376 [emphasis added]). Inasmuch as the Court of Appeals did not limit *Sandoval* to jury trials, the defendant is entitled to a prior determination on his *Sandoval* application, by a trial court sitting as the trier of fact *(see, Hale v Jay,* 101 Misc 2d 636; *cf., People v Rosa,* 96 Misc 2d 491). Moreover, the Trial Judge is not per se compromised by issuing such a ruling because a Judge is capable of distinguishing the prejudicial aspects of a defendant's prior record from those crimes which bear on his credibility *(see, People v Moreno,* 70 NY2d 403; *People v Brown,* 24 NY2d 168; *People v Cortese,* 136 AD2d 724). Thus, the defendant was denied a fair trial by the court's failure to issue a *Sandoval* ruling.

The court did not err, however, in denying the defendant's request for a *Wade* hearing. Where, as here, the complainant and the defendant knew each other for 10 years prior to the crime, there was no identification issue within the purview of CPL 710.30 (1) (b) *(see, People v Tas,* 51 NY2d 915, 916; *People v Gissendanner,* 48 NY2d 543, 552; *People v Miles,* 103 AD2d 1017, 1018).

Finally, we note that, under the circumstances, the court improperly imposed consecutive sentences. Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur. *[See,* 128 Misc 2d 818.]