■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL MEDINA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered August 2, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal the defendant contends that the circumstantial evidence presented at trial was insufficient to sustain his conviction. We disagree. The defendant was observed by several witnesses exiting a house carrying a rifle. Accompanying the defendant was a second individual who was carrying a handgun. The prosecution's principal witness had an unobstructed view of the defendant and saw him turn and take aim at the decedent. This prosecution witness testified he then dove behind a snowbank and heard two shots fired. The decedent was discovered with a gunshot wound in his neck which rendered him a quadriplegic and caused his death three weeks later. Although the .22 caliber bullet removed from the decedent's body was lost following a prior proceeding, the Medical Examiner testified the decedent died as a result of an embolism precipitated by the gunshot wound to his neck with resulting paralysis.

When a conviction is based solely on circumstantial evidence, the hypothesis of guilt should flow naturally from the facts proved and be consistent with them, and the facts must exclude to a moral certainty every reasonable hypothesis of innocence in order to constitute proof beyond a reasonable doubt (see, People v Giuliano, 65 NY2d 766, 767-768; People v DiBlasi, 130 AD2d 679). Based on the evidence presented, we conclude that the jury was entitled to find that the facts excluded every reasonable hypothesis of innocence. Further, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Finally, we have examined the remaining contentions raised in the defendant's pro se supplemental brief and find them either unpreserved for appellate review or without merit. Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.