■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR PELLECHIA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered March 14, 1984, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the circumstantial evidence adduced by the prosecution at trial was insufficient to support the verdict of guilt. We disagree. It is well established that where a conviction is based solely on circumstantial evidence, in order for guilt to be proven beyond a reasonable doubt, the hypothesis of guilt should flow naturally from the facts proved and be consistent with them. The facts proved must exclude to a moral certainty every reasonable hypothesis of innocence (*People v Benzinger*, 36 NY2d 29; *People v DiBlasi*, 130 AD2d 679). Herein, the evidence established that the defendant had been fighting with the victim approximately an hour and a half prior to the shooting and that immediately prior to the shooting, a man matching the defendant's description was observed approaching the victim carrying a rifle. That same man was seen running from the scene after the shooting. Viewing this evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we conclude that it was legally sufficient to establish the defendant's guilt and to exclude every reasonable hypothesis of innocence. Moreover, upon the exercise of our factual review power (CPL 470.15 [5]), we are satisfied that the verdict was not against the weight of the evidence.

Secondly, the defendant's challenges to various remarks made by the prosecutor during his summation were, for the most part, not objected to by the defense counsel and, thus, unpreserved for appellate review (CPL 470.05 [2]). The remaining remarks either constituted fair comment on the evidence (*see, People v Galloway*, 54 NY2d 396) or harmless error.

Moreover, the defendant's contention that he was deprived of a fair trial as a result of hearsay testimony elicited by the prosecutor on redirect examination of a People's witness concerning the fact that the witness had heard that a person named "Artie Shaker" had committed the killing, was not preserved for appellate review as no objection was registered by the defendant to this testimony at trial (CPL 470.05 [2]). In any event, the record establishes that the defense counsel "opened the door" to the introduction of this hearsay testimony when he questioned the witness on cross-examination as to whether she had told police that she heard that a person named "Frisco" had committed the crime (*see, People v Melendez*, 55 NY2d 445, 451; *People v Cortese*, 136 AD2d 724, *lv denied* 71 NY2d 967).

We have reviewed the defendant's remaining contentions, including those raised in the defendant's supplemental *pro se* brief, and find them to be either unpreserved for appellate

review or without merit. Mollen, P. J., Brown, Eiber and Kooper, JJ., concur.