■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SCOTT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered May 20, 1987, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second

degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the circumstantial evidence adduced by the prosecution at trial was insufficient to support his conviction. We disagree. When a conviction is based solely upon circumstantial evidence, in order for guilt to be proven beyond a reasonable doubt, the hypothesis of guilt should flow naturally from the facts proved and be consistent with them, and the facts proved must exclude to a moral certainty every reasonable hypothesis of innocence *(People v Benzinger,* 36 NY2d 29, 32; *People v Lagana,* 36 NY2d 71, 73; *People v Pellechia,* 144 AD2d 704, 705). In the instant case an acquaintance of the defendant testified that at about 4:30 A.M. on October 16, 1984, he saw the defendant carrying what appeared to be a handgun and running away from the location where the decedent was found, moments later, dying with a bullet wound through his right eye. The decedent's pockets had been turned inside out, he had no money on his person, and clutched in his hand was a ring he usually wore on his little finger. Viewing this evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620; *People v Cleague,* 22 NY2d 363, 364-365), we conclude that it was legally sufficient to establish the defendant's guilt and to exclude every reasonable hypothesis of innocence.

The defendant also contends that the prosecution's witness, because of his criminal history, should not have been believed by the jury. However, resolution of issues relating to credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.