■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REESE JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.),

rendered April 25, 1988, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court improperly permitted the People to elicit testimony on redirect examination from a police officer witness as to a statement the defendant allegedly made because the People failed to serve a notice of their intention to do so in accordance with CPL 710.30. We find that such notice was not required since it appears that the People did not intend to elicit the statement but rather the police officer witness volunteered it *(see, People v Roopchand,* 107 AD2d 35, 37, *affd* 65 NY2d 837). In any event, the People did not intend to and, indeed, did not utilize the statement as part of their direct case *(see, People v Goodson,* 57 NY2d 828, 829-830; *People v Cortese,* 136 AD2d 724, 725; *People v Webb,* 97 AD2d 779). It was only after defense counsel opened the door to such questioning that the People followed the same line of questioning on redirect examination, thereby eliciting the offending response *(see, People v Goodson, supra; People v Cortese, supra).* Thompson, J. P., Bracken, Brown and Kunzeman, JJ., concur.