■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE STEVENSON, Appellant.—Judgment unanimously affirmed. Memorandum: In this nonjury trial, the court's failure to conduct a *Sandoval* hearing *(see, People v Sandoval,* 34 NY2d 371) does not require reversal. The court explained that it was familiar with the *Sandoval* ruling and the concerns underlying it and instructed the prosecutor to limit cross-examination of the defendant only to matters relating to credibility. The court also stated that it was unnecessary and wasteful for another Judge to conduct a separate *Sandoval* hearing. On this record, we cannot conclude that the court abused its discretion in ruling as it did. To the extent that the Second Department's decision in *People v Oglesby* (137 AD2d 840, 841-842, *appeal dismissed* 72 NY2d 831) may be read to require a *Sandoval* hearing in every nonjury trial, we choose not to follow it. Although a jury may tend to conclude, despite limiting instructions, that a defendant who has committed previous crimes is more likely to have committed the crime charged *(see, People v Davis,* 44 NY2d 269, 274), the Judge in a nonjury trial will not have that tendency *(see, People v Rosa,* 96 Misc 2d 491, 492). A Trial Judge is presumed to have evaluated the evidence only for the purpose of impeaching a defendant's credibility and not as evidence of guilt of the crime charged *(see, People v Moreno,* 70 NY2d 403, 406; *People*

*v Torres,* 140 AD2d 729, *lv denied* 72 NY2d 962). To require a trial court to conduct a *Sandoval* hearing in every nonjury trial would be a wasteful expenditure of the court's time and effort. This is particularly true in the instant case where the Trial Judge explained at great length his understanding of the principles and policy underlying the *Sandoval* rule and his understanding that he would be bound by the same instructions he would give a jury that defendant's prior criminal conduct could be considered only relative to defendant's credibility. In any event, even if the court erred in denying defendant's request for a *Sandoval* hearing, the error would be harmless because the evidence of defendant's guilt was overwhelming. We have reviewed defendant's remaining contention and find it lacking in merit. (Appeal from judgment of Supreme Court, Erie County, Doyle, J.—sodomy, first degree.) Present—Callahan, J. P., Denman, Green, Balio and Lowery, JJ.