■ In the Matter of RASHARD G., a Person Alleged to be a Juvenile Delinquent, Appellant. [730 NYS2d 854] —Order of disposition, Family Court, New York County (Clark Richardson, J.), entered on or about October 21, 1998, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of attempted murder in the second degree, assault in the first degree, assault in the second degree (two counts), criminal possession of a weapon in the second and third degrees and menacing in the second degree, and placed him with the Office of Children and Family Services for an initial period of three years, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence. The chain of circumstantial evidence, including the fact that appellant's attire at the time of the incident matched that of the assailant, clearly established the element of identity (*see, People v Scott*, 155 AD2d 700, *lv denied* 75 NY2d 924). Appellant's homicidal intent could be readily inferred from his conduct (*see, People v Fernandez*, 88 NY2d 777). Concur—Sullivan, P. J., Nardelli, Williams and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v O'HARA CHRISTIAN, Appellant. [730 NYS2d 858] —Judgment, Supreme Court, New York County (William Leibovitz, J., at plea; Renee White, J., at sentence), rendered August 13, 1997, convicting defendant of robbery in the third degree and criminal contempt in the first degree, and sentencing him to concurrent terms of 1 to 3 years, unanimously affirmed.

Since defendant failed to move to withdraw his guilty plea or vacate his conviction, his challenge to his factual allocution is unpreserved and we decline to review it in the interest of justice (*see, People v Toxey*, 86 NY2d 725). Were we to review this claim, we would find that the court's careful factual allocution clearly established defendant's guilt and that nothing in defendant's remarks suggested a viable justification defense. Concur—Sullivan, P. J., Nardelli, Williams and Mazzarelli, JJ.