■ The People of the State of New York, Respondent, v Willie White, Appellant. [738 NYS2d 23] —Judgment, Supreme Court, New York County (Leona Leo, J., at hearing and jury trial; Donna Mills, J., at sentence), rendered February 23, 1999, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

The court properly denied suppression of physical evidence. Defendant, who was not relieved of the burden of proving standing by the fact that he was charged with constructive possession (*People v Wesley*, 73 NY2d 351), failed to establish a legitimate expectation of privacy in the apartment in order to challenge the legality of the warrantless search. Even if defendant had established standing, the warrantless entry and search were justified for several reasons. The officers were in hot pursuit of defendant, a person who fit the description of a person who had just made an undercover sale and who was trying to escape into the apartment. Exigent circumstances existed, in that contraband might be destroyed or removed, based on defendant's attempt to discard an item and the apparent presence of other persons inside the apartment. Further, the officers were justified in conducting a protective sweep of the premises, incident to defendant's arrest, for safety purposes (*People v Febus*, 157 AD2d 380, *appeal dismissed* 77 NY2d 835).

There was legally sufficient evidence to establish that defendant acted in concert with another person in constructively possessing the contraband (*see, People v Bundy*, 90 NY2d 918; *People v Manini*, 79 NY2d 561, 573). The jury could reasonably have concluded from the evidence that defendant and the other person constructively possessed contraband scattered about an apartment that appeared to be utilized merely as a place to store drugs.

The court properly exercised its discretion in denying

defendant's eve-of-trial request for a substitution of counsel and his mid-trial request to proceed pro se. Both of these applications were untimely (*People v Arroyave*, 49 NY2d 264; *People v McIntyre*, 36 NY2d 10, 17), and despite being given ample opportunity to be heard, defendant did not establish any legitimate basis for these applications.

The evidence of an uncharged crime did not deprive defendant of a fair trial in view of its trivial nature and the court's limiting instructions. Concur—Williams, J.P., Saxe, Ellerin, Lerner and Friedman, JJ.