■ The People of the State of New York, Respondent, v Robert Maryon, Also Known as Karriem Maryon, Appellant. [797 NYS2d 684]—

Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered January 6, 2003. The judgment convicted defendant, after a nonjury trial, of robbery in the first degree (two counts), robbery in the second degree (three counts), reckless endangerment in the first degree (two counts), assault in the second degree, and criminal possession of stolen property in the fifth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice by reducing the sentences imposed on counts one through five of the indictment to determinate terms of incarceration of 10 years and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of, inter alia, two counts each of robbery in the first degree (Penal Law § 160.15 [4]) and reckless endangerment in the first degree (§ 120.25), and three counts of robbery in the second degree (§ 160.10 [1], [2] [a]). Contrary to the contention of defendant, he was not denied effective assistance of counsel but, rather, was afforded "meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]; *see People v Henry*, 95 NY2d 563, 565-566 [2000]; *People v Benevento*, 91 NY2d 708, 712 [1998]). Defendant failed "to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's failure to seek probable cause and *Wade* hearings or a *Sandoval* ruling (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Garcia*, 75 NY2d 973, 974 [1990]). Defendant had no expectation of privacy in the apartment in which he and his codefendants were found following a police pursuit that began immediately after the armed robbery (*see People v Ponder*, 54 NY2d 160, 166 [1981]; *People v Johnson*, 11 AD3d 979, 980 [2004], *lv denied* 3 NY3d 757) and, in any event, the warrantless entry was justified under both the "hot pursuit" and "[e]xigent circumstances" exceptions to the warrant requirement (*People v White*, 291 AD2d 250, 250 [2002], *lv denied* 98 NY2d 682 [2002]; *see People v Henderson*, 107 AD2d 469, 470-471 [1985]). Further, no *Wade* hearing was required because the identifying witnesses knew defendant, and thus the identification was merely confirmatory (*see People v Rodriguez*, 79 NY2d 445, 449-450 [1992]). With respect to the failure to request a *Sandoval* ruling, we note that Supreme Court in this

nonjury trial "is presumed to have evaluated the evidence [of defendant's past criminal conduct] only for the purpose of impeaching . . . defendant's credibility and not as evidence of guilt of the crime charged" (*People v Stevenson*, 163 AD2d 854, 854 [1990]).

Most of defendant's criticisms of defense counsel's conduct at trial, including those concerning the failure of defense counsel to make an opening statement, his brief summation, his cross-examination of witnesses, and his failure to make objections, are attributable to or substantially ameliorated by the fact that defendant elected to waive a jury trial, a choice that was defendant's and not defense counsel's (*see People v White*, 73 NY2d 468, 478 [1989], *cert denied* 493 US 859 [1989]; *People v Ferguson*, 67 NY2d 383, 390 [1986]). Defendant was not prejudiced by defense counsel's failure to move to dismiss the indictment following the prosecutor's opening statement; the court could not have granted the motion unless and until the prosecutor was "given an opportunity to correct any deficiency" (*Matter of Timothy L.*, 71 NY2d 835, 837 [1988]; *see People v Robbins*, 229 AD2d 1008 [1996]). Similarly, defendant failed to demonstrate the absence of a legitimate explanation for the failure of defense counsel to renew his CPL 290.10 motion and his failure to seek lesser included charges or missing witness charges inasmuch as it appears from the record before us that defendant would not have prevailed with respect thereto (*see generally Garcia*, 75 NY2d at 974; *Rivera*, 71 NY2d at 709; *People v Jenkins*, 68 NY2d 896, 898 [1986]; *People v Castricone*, 224 AD2d 1019, 1020 [1996]). Defense counsel likewise was not ineffective for failing to speak on defendant's behalf at sentencing. "Having appeared and participated on defendant's behalf . . . , he was fully familiar with all the facts and, presumably, was also aware that any statement would have had little effect on the sentence imposed by a court that was equally familiar with the facts adduced at the trial and with defendant's status as a predicate felon" (*People v Rezey*, 111 AD2d 1035, 1037 [1985]).

Defendant presented evidence after moving to dismiss at the close of the People's case and failed to renew that motion at the close of his evidence, and thus his contention that the conviction is not supported by legally sufficient evidence is not properly before us (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, that contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The verdict is not against the weight of the evidence (*see id.*).

We agree with defendant, however, that the sentence is unduly harsh and severe insofar as defendant was sentenced to concurrent determinate terms of incarceration of 15 years on counts one through five. Thus, as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]), we modify the judgment by reducing the sentences imposed on those counts to determinate terms of incarceration of 10 years. Present—Hurlbutt, J.P., Scudder, Martoche, Pine and Lawton, JJ.