[906 NYS2d 885]

In the Matter of DANIEL C., a Person Alleged to be a Juvenile Delinquent, Respondent.

Family Court, Queens County, August 16, 2010

APPEARANCES OF COUNSEL

*Angela T. Starr*, Massapequa Park, for respondent. *Michael A. Cardozo, Corporation Counsel*, New York City, for presentment agency.

## OPINION OF THE COURT

JOHN M. HUNT, J.

Respondent has moved for an order compelling the presentment agency to comply with his demand for disclosure pursuant to Criminal Procedure Law § 240.43. In addition, respondent requests that the court conduct a hearing pursuant to *People v Sandoval* (34 NY2d 371 [1974]). The presentment agency opposes respondent's request for an order compelling disclosure and does not object to respondent's application for a *Sandoval* hearing.

Upon review of the papers submitted by the parties, the branch of the motion for an order compelling the presentment agency to notify respondent of its intention to utilize specific instances of respondent's prior uncharged criminal, vicious or immoral conduct of which the prosecution has knowledge and intends to use at trial for purposes of impeaching his credibility is granted. The court further grants the application for a pretrial *Sandoval* hearing (*Matter of Joshua P.*, 270 AD2d 272 [2000], *lv denied* 95 NY2d 757 [2000]).

CPL 240.43 reads as follows:

> "Upon a request by a defendant, the prosecutor shall notify the defendant of all specific instances of a defendant's prior uncharged criminal, vicious or immoral conduct of which the prosecutor has knowledge and which the prosecutor intends to use at trial for purposes of impeaching the credibility of the defendant. Such notification by the prosecutor shall be made immediately prior to the commencement of jury selection, except that the court may, in its discretion, order such notification and make its determination as to the admissibility for impeachment purposes of such conduct within a period of three days, excluding Saturdays, Sundays and holidays, prior to the commencement of jury selection."

Family Court Act §§ 331.2 and 331.4 set forth the general scope of discovery in juvenile delinquency proceedings, which in

addition to specific items set forth in the statute, directs that the presentment agency shall disclose to the respondent "anything required to be disclosed . . . pursuant to the constitution of this state or of the United States" (Family Ct Act § 331.2 [1] [g]). With respect to respondent's demand for disclosure pursuant to CPL 240.43, the presentment agency quite correctly observes that there is no Family Court Act article 3 analogue to CPL 240.43.

CPL 240.43 was enacted in 1987 (*see* L 1987, ch 222) "to modify a narrow deficiency in the procedure for obtaining a *Sandoval* ruling . . . [and] by discovery defendant may [now] require the People to specify uncharged criminal conduct it hopes to use for impeachment on cross-examination" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 240.43, at 441-443 [2002 ed]). The deficiency in question was raised by the First Department in its decision in *People v Simpson* (109 AD2d 461 [1985]) in which the Court observed that

> "it is unrealistic to expect defendants, who for the most part are not highly sophisticated or intelligent, to inform their counsel of crimes which they have committed but for which they were never arrested so that their counsel may inform the court and prosecutor of these matters on the speculative possibility that the prosecutor may be aware of these events and may intend to question the defendant concerning them if he should testify . . . [I]f the principles underlying *Sandoval* (*supra*) are as sound as I believe them to be, it seems wrong to interpose so significant an obstacle to their effective fulfillment, and particularly with regard to matters that are inherently likely to raise the most substantial questions as to the propriety of the cross-examination" (109 AD2d at 465).

The factors which led to the enactment of CPL 240.43 (*see* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 240.43, at 441-443 [2002 ed]; Mem of Off of Ct Admin, 1987 McKinney's Session Laws of NY, at 2826-2827) are equally applicable to juvenile delinquency proceedings which involve youngsters who are more likely to suffer from a lack of memory than an adult, including an inability to recall past incidents of misbehavior or criminality that did not result in an arrest or the initiation of a delinquency proceeding (*see Matter of Benjamin L.*, 92 NY2d 660, 669 [1999]).

Under *Sandoval* an accused is entitled to a pretrial ruling as to the scope of permissible cross-examination with respect to any past immoral, vicious or criminal conduct which may affect the accused's character and show the accused to be unworthy of belief. The right to a *Sandoval* hearing is an indispensable element of a fair trial as it directly impacts upon the strategic decision of whether the accused testifies on his or her own behalf, as well as the permissible scope of cross-examination in the event that the accused does in fact testify at trial (*Sandoval* at 374; *People v Evans*, 94 NY2d 499, 506 [2000]; *People v Fardan*, 82 NY2d 638, 646 [1993]; *People v Dokes*, 79 NY2d 656, 662 [1992]).

While not specifically provided for by the juvenile delinquency statute, it has been determined that an accused juvenile delinquent has the right to request a pretrial *Sandoval* determination by the Family Court. Given that CPL 240.43 merely serves to codify the holding in *People v Sandoval* (*People v Montoya*, 63 AD3d 961, 963 [2009]), it logically follows that CPL 240.43 should be applicable to juvenile delinquency proceedings.* Such an interpretation in no way expands the scope of discovery in delinquency proceedings, nor does it place an undue burden upon the presentment agency. The statute facilitates the court's ability to balance the probative value of proposed inquiries with respect to an accused's prior specific criminal, vicious or immoral conduct on the issue of credibility against a risk that such questioning might result in unfair prejudice to the respondent, and the statute enhances the ability of the respondent, in consultation with counsel, to make an informed decision whether or not to testify at trial. CPL 240.43 is therefore consistent with the constitutional mandate that an accused delinquent be afforded a fair adjudicatory hearing (*see In re Gault*, 387 US 1, 30 [1967]; *Breed v Jones*, 421 US 519, 528 [1975]), and the requested discovery is ordered accordingly.

---

* The Appellate Division, Second Department has twice held that the right to request a *Sandoval* hearing extends to the accused in a bench trial (*People v Oglesby*, 137 AD2d 840, 842 [1988], *appeal dismissed* 72 NY2d 831 [1988]; *Matter of Joshua P., supra*), while the Appellate Division, Fourth Department has consistently held that a *Sandoval* hearing is not required in a bench trial, expressing its disagreement with the decision in *Oglesby* (*People v Stevenson*, 163 AD2d 854, 854-855 [1990]; *see also People v Maryon*, 20 AD3d 911, 912-913 [2005], *lv denied* 5 NY3d 854 [2005]; *People v Webster*, 56 AD3d 1242, 1243 [2008], *lv denied* 11 NY3d 931 [2009]; *People v Lewis*, 67 AD3d 1396 [2009], *lv denied* 14 NY3d 772 [2010]).

[Portions of opinion omitted for purposes of publication.]