■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BIVIANO GONZALEZ, Appellant.— Judgment, Supreme Court, Bronx County, rendered on November 21, 1972, convicting defendant upon his plea of guilty of attempted assault, first degree, and sentencing him to prison for a maximum term of seven years, reversed, on the law and the facts, to the extent of vacating the sentence and remanding the case for resentencing. On June 7, 1971, defendant was indicted for attempted murder, assault first degree and related offenses. After undergoing mental observation at Bellevue Hospital, he was certified as being incapable of understanding the charges against him or of making his defense and shortly thereafter was committed to Matteawan State Hospital. On December 6, 1971 the director of Matteawan certified the defendant cured and capable of standing trial. He was thereafter re-examined at Bellevue. Two psychiatrists, by a report filed February 25, 1972, certified that defendant was capable of understanding the charges against him and of assisting in his own defense. The report was confirmed by the court on motion of defense counsel on March 1, 1972. On October 24, 1972, upon advice of counsel, he withdrew his not guilty plea and with the District Attorney's consent, was permitted to plead guilty to the crime of attempted assault in the first degree, to cover the indictment. The defendant seeks a reversal of the judgment of conviction claiming that the trial court erred in accepting defendant's plea without further inquiry of the defendant, especially in view of his past history of mental illness, and that he was denied effective assistance of counsel at the time of sentencing. We are satisfied from an examination of the minutes that the defendant entered the plea of guilty with an understanding of what he was doing. He had recovered from his mental illness. Indeed the report pronouncing him fit for trial was confirmed on his own counsel's motion. There was no reason for

the court to make any further inquiry than it did especially since defendant stated that he had discussed the case and the guilty plea with his lawyer. We find, however, that defendant was deprived of his right to effective assistance of counsel at sentence. Different attorneys from the Legal Aid Society represented defendant at plea and sentence. And while this fact, standing alone, would not necessarily render counsel's assistance ineffective (*People* v. *Camacho,* 16 N Y 2d 1064) the record is crystal clear that defendant was not aided by his lawyer at the crucial moment of sentence. The new lawyer stated to the court that he knew nothing about the case. He did not know what crime defendant had admitted, for he told the court that the defendant was "facing a potential life sentence when he took this plea [of attempted assault, first degree]". The maximum permissible sentence was imposed. The defendant may not be deprived of his constitutional right to be effectively represented by counsel at the crucial stage of sentencing and for this reason we reverse and remand for resentencing at which time defendant should be afforded an opportunity to be represented by counsel sufficiently familiar with the case and the defendant's background to make an effective presentation on the question of sentence. Nunez, Kupferman and Macken concur; McGivern, P. J., dissents and votes to affirm.