■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK GRADY, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered June 8, 1979, convicting defendant upon his plea of guilty of the crimes of sodomy in the third degree (two counts) and sexual abuse in the second degree. The guilty pleas entered herein were in satisfaction of an indictment charging the 48-year-old defendant with deviate sexual conduct involving three different young males who consented to such conduct. All but the sexual abuse charge were felonies. A plea bargain was struck and, on February 22, 1979, the defendant pleaded guilty as set forth hereinabove in full satisfaction of the indictment. Prior to accepting the plea, the court advised the defendant and his counsel that there was a possibility that he would be treated as a persistent felony offender and if so, he would be given the minimum permissible sentence of 15 years to life, all sentences to run

concurrently. The defendant and his counsel each acknowledged the plea bargain. Upon the foregoing facts, the contention of the defendant that he was misled by his counsel as to his sentence has no substance. Further, the record refutes his claim that he was not properly advised as to the "reasonable doubt" standard of proof required to support a jury verdict, if he had gone to trial. The defendant contends that when the court proceeded with a persistent felony hearing, it erred in not advising him of his right to test the constitutionality of his prior convictions. It seems that such a point is inexplicable in view of the statement in the record on his behalf by counsel that "the defendant has conceded the validity of the conviction and the constitutionality of the proceedings leading up to the conviction". Finally, the record amply supports the finding that the defendant is a persistent felony offender and that the sentence imposed is appropriate. Judgment affirmed. Staley, Jr., J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.