■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY ALAN EDMOND, Appellant. — Judgment, insofar as it imposes sentence, unanimously reversed and defendant remanded for resentencing and, otherwise, judgment affirmed. Memorandum: Defendant appeals from his conviction after a jury trial of criminal sale of a controlled substance, sixth degree (Penal Law, § 220.31) and criminal sale of marihuana, fourth degree (Penal Law, § 221.40) and from his sentence of zero to four years on the controlled substance conviction and one year on the marihuana conviction. We have examined the several assigned errors allegedly committed at trial and find no basis for reversal. We find, however, that defendant was deprived of his right to effective assistance of counsel at sentencing. The attorney representing defendant at the sentencing — a different attorney from the one who represented him at trial — when asked by the sentencing court if he wished to be heard, stated that he had "nothing to add to the probation report." To the court's inquiry whether he had seen the probation report, he replied, "No, I have not." The defendant declined to speak and the court proceeded to sentence him. On this record it is "crystal clear that defendant was not aided by his lawyer at the crucial moment of sentence" *(People v Gonzalez,* 43 AD2d 914, 915). He is entitled to "an opportunity to be represented by counsel sufficiently familiar with the case and the defendant's background to make an effective presentation on the question of sentence" *(People v Gonzalez, supra,* p 915; see *Gadsden v United States,* 223 F2d 627; Campbell, Law of Sentencing, § 53). (Appeal from judgment of Steuben County Court, Purple, J. — criminal sale of controlled substance, sixth degree.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Denman, JJ.