■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY R. WILLIAMS, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 18, 1982, convicting defendant upon his plea of guilty of the crime of assault in the first degree. Early on the morning of August 20, 1982, one Frederick Fordley received multiple stab wounds to the left side of his chest after an altercation on Broadway in the City of Albany. Thereafter, defendant was arrested and subsequently indicted in a two-count indictment for the crimes of attempted murder in the second degree and assault in the first degree. Upon arraignment, defendant entered a plea of not guilty. However, only a few days prior to the date fixed for trial and at a point when the suppression hearing was about to commence, extensive plea negotiations were entered into and, as a result, the People moved to permit defendant to withdraw his plea of not guilty and to enter a plea of guilty to assault in the first degree in full satisfaction of the indictment. During a searching colloquy between the court, defendant and his attorney, the court thoroughly advised defendant of his rights and defendant acknowledged that he had fully discussed the case with his attorney, that he was completely aware of what he was doing, that no promises had been made to him and that the decision to plead was his own. The motion was granted and defendant pleaded to assault in the first degree in full satisfaction of the indictment and was sentenced to an indeterminate term of imprisonment having a minimum of five years and a maximum of 15 years. Defendant now appeals, contending that he was denied adequate and effective assistance of counsel and that his sentence was unduly harsh and excessive. We disagree. Defendant's primary basis for his assertion of ineffective assistance of counsel is that defendant's counsel only spoke briefly on behalf of defendant at sentencing and failed to go into any detail or to mention defendant's problems with alcohol. Defendant relies for support, in the main, upon the cases of *People v Edmond* (84 AD2d 938) and *People v Gonzalez* (43 AD2d 914). These cases are readily distinguishable from the case at hand. In *Edmond,* after a jury found the defendant guilty, a new attorney completely unfamiliar with the case or the defendant or his history appeared for the defendant at sentencing. When queried by the court as to whether he had anything to say in the defendant's behalf, the new attorney replied only that he had "nothing to add to the presentence report", which he later conceded to the court he had never seen. In *Gonzalez,* one attorney represented the defendant when he pleaded while another with no knowledge of the case appeared for the sentencing proceedings. The latter advised the court that he knew nothing about the case so that it became crystal clear that the defendant was not aided by his lawyer at the crucial moment of sentencing (*id.,* at p 915). While at bar the defense counsel's remarks at sentencing were brief, they were sufficient because counsel had discussed the facts with the court at the time the motion was made during the plea proceedings and knew that the court was fully acquainted with the facts as well as the contents of the presentence report. Under all of the circumstances presented, it cannot be said

that defense counsel did not provide meaningful representation, thus meeting the constitutional requirement (see *People v Baldi*, 54 NY2d 137; *People v Jackson*, 52 NY2d 1027). Defendant's claims or insinuations that defense counsel was ill prepared and unaware of the facts and the law are without support in the record. Also without merit is defendant's claim that the sentence imposed was unduly harsh and excessive. No extraordinary circumstances are demonstrated here which would justify our interference with the trial court's exercise of discretion (*People v Miller*, 74 AD2d 961; *People v Caputo*, 13 AD2d 861). Judgment affirmed. Mahoney, P. J., Main, Mikoll, Weiss and Levine, JJ., concur.