■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD L. MILLINGTON, Appellant. — Levine, J. Appeal from a judgment of the County Court of Essex County (Garvey, J.), rendered June 18, 1984, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree.

Defendant was indicted on charges of grand larceny in the second degree and making a false statement to obtain public assistance. These charges arose from having applied for and received public assistance benefits in the amount of $8,358.50

from Essex County during a period of time when he and his family were domiciled in Warren County. Defendant pleaded guilty to the crime of grand larceny in the third degree in full satisfaction of the indictment and was sentenced to a term of 1 to 3 years' imprisonment.

On this appeal, defendant contends that County Court erred in accepting his guilty plea because it was involuntary, having allegedly been based on defendant's belief that his plea would result in his immediate release from prison. This contention is, however, belied by the plea hearing minutes. There, County Court advised defendant that his plea could result in a maximum sentence of four years. Defendant stated that he understood this and that, despite this fact, he was voluntarily entering his guilty plea. Accordingly, defendant's claim that his plea was involuntary and based on the belief that it would result in his immediate release from prison finds no support in the record (*see, People v Peters,* 90 AD2d 618, 619; *People v Grady,* 77 AD2d 715, 716).

Defendant's next contention is that County Court failed to elicit sufficient evidence of his guilt of the crime of grand larceny in the third degree before accepting his plea on the ground that the element of intent to steal property was not established. Again, the hearing transcript shows this argument to be unavailing. Defendant, who, it should be noted, has had considerable experience with the criminal justice system, stated to the court that although he and his wife had left Essex County, they continued to obtain public assistance funds therefrom. Defendant added, "I know I was wrong." While this was not an exhaustive statement of guilt, it was sufficient to justify the court's exercise of its discretion in accepting defendant's guilty plea (*see, People v Nixon,* 21 NY2d 338, 355, *cert denied sub. nom. Robinson v New York,* 393 US 1067).

Defendant also argues that he received ineffective assistance of counsel as evidenced by his allegation that defense counsel failed to make an application for his release on bail. However, the record contains a bail application prepared by defense counsel on defendant's behalf. That it was not granted is unsurprising, in that defendant did not appear at his first scheduled hearing before County Court and only appeared thereafter because of his arrest pursuant to a bench warrant.

We are similarly unpersuaded by defendant's charge of ineffective assistance of counsel based on his attorney's failure to make a statement before sentence was imposed. At the time of sentencing, the court stated that it had reviewed defendant's presentence report which contained defendant's extensive criminal record as well as the recommendation that he be sentenced

to a period of incarceration. It is unlikely that any statement made by defense counsel at this time would have had an impact on the sentence imposed. Accordingly, it cannot be said that the decision by defendant's attorney not to make a statement at this time, standing alone, constitutes ineffective assistance of counsel (*cf. People v Williams,* 97 AD2d 599, 600).

Judgment affirmed. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.