■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE GRAHAM, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered May 4, 1988, convicting defendant, upon his plea of guilty, of rape in the first degree and sentencing him, as a persistent violent felony offender, to an indeterminate term of imprisonment of 15 years to life, to run concurrently with a sentence imposed in Kings County under indictments Nos. 4843/86 and 5894/86, unanimously modified, to the extent of vacating the defendant's adjudication as a persistent violent felony offender and the sentence and remanding for resentencing, and otherwise affirmed.

At sentencing, a defendant is entitled to be represented by an attorney sufficiently familiar with the case to make an effective presentation. *(People v Gonzalez,* 43 AD2d 914.) Here, when defendant appeared for sentencing, the attorney who

had represented him at his plea was not present and, instead, defendant was represented by a different attorney from the same office, who stated that he was "standing in". During the proceeding, at which he was first adjudicated a persistent violent felony offender and then sentenced in accordance with his plea, defendant repeatedly stated that he wished to have his original attorney present and also stated that he had discussed the case only with that attorney. Defendant denied in general terms that he was a persistent violent felony offender, but neither he nor his attorney specifically denied the existence or validity of the alleged prior convictions.

In light of these statements by defendant, along with the court's failure to inquire as to the reasons for his first attorney's absence or the familiarity of the appearing attorney with the case, defendant was deprived of effective assistance of counsel. Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Rubin, JJ.