◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE LOPEZ, Appellant. [602 NYS2d 642] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered March 7, 1985, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered November 26, 1990, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted, *inter alia,* of the felony murder of the victim on August 31, 1989. He now contends that the evidence adduced at trial was insufficient to establish his guilt beyond a reasonable doubt and that the testimony of the People's main witness was incredible as a matter of law. We disagree. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The facts cited by the defendant are insufficient to render the testimony of the witness incredible as a matter of law *(see, People v Di Girolamo,* 108 AD2d 755). Furthermore, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

Nor was the defendant deprived of effective assistance of counsel at sentencing. The mere fact that different attorneys assisted the defendant's case at different times does not render their assistance ineffective *(see, People v Hayes,* 186 AD2d 268). The defense counsel was clearly familiar with the facts of the case *(cf., People v Graham,* 169 AD2d 512; *People v Edmond,* 84 AD2d 938; *People v Gonzalez,* 43 AD2d 914), and argued cogently for leniency.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Balletta, Eiber and Ritter, JJ., concur.