■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN KENNEDY and RONALD HARTUNG, Respondents. [709 NYS2d 411] —Appeal by the People from an order of the County Court, Nassau County (Kowtna, J.), entered October 12, 1999, which granted those branches of the defendants' respective motions which were to dismiss the indictment pursuant to CPL 210.35 (5).

Ordered that the order is reversed, on the law, those branches of the defendants' motions which were to dismiss the indictment pursuant to CPL 210.35 (5) are denied, the indictment is reinstated, and the matter is remitted to the County Court, Nassau County, for further proceedings.

The defendants, correction officers with the Nassau County Sheriff's Department, were charged with assault in the third degree in connection with an incident involving an inmate at the Nassau County Correctional Facility. They moved to dismiss the indictment on the ground that the integrity of the Grand Jury proceedings was impaired, as it was presented with evidence of an alleged assault against the same inmate by other correction officers on the same day.

The County Court erred in granting the defendants' motions. A dismissal pursuant to CPL 210.35 (5) is an "exceptional remedy" (*People v Darby,* 75 NY2d 449, 455), and the defendants failed to demonstrate that the manner in which the presentment was made "potentially [prejudiced] the ultimate decision reached by the Grand Jury" (*People v Huston,* 88 NY2d 400, 409; *see also, People v Adessa,* 89 NY2d 677). The evidence as to each incident was not so intertwined as to confuse the jurors. In addition, the evidence against the defendants was neither insufficient nor disproportionate to that presented against the officers involved in the other incident, and the jurors were instructed to consider the evidence separately against the officers involved (*see, People v Litzenberger,* 234 AD2d 947). O'Brien, J. P., Santucci, Thompson and Feuerstein, JJ., concur.