■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL LAIGO, Appellant. [897 NYS2d 447]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Peck, J.), rendered July 17, 2007, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his convictions were not supported by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was denied a fair trial because the People elicited certain expert testimony is unpreserved for appellate review because the defendant failed to object to the introduction of the challenged evidence (*see* CPL 470.05 [2]). In any event, to the extent that the admission of the expert testimony may have been improper, it was not so egregious as to deprive the defendant of a fair trial (*see People v Roopchand*, 107 AD2d 35, 36-37 [1985], *affd* 65 NY2d 837 [1985]; *People v Wright*, 62 AD3d 916, 917-918 [2009]).

The defendant was afforded the effective assistance of trial counsel (*see People v Baldi*, 54 NY2d 137, 146-147 [1981]).

The sentence imposed was not excessive (*see People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80 [1982]). Finally, as the defendant was convicted and sentenced before the effective date of the Drug Law Reform Act of 2009, he is not entitled to be resentenced thereunder (*see generally People v Utsey*, 7 NY3d 398 [2006]). Dillon, J.P., Florio, Leventhal and Roman, JJ., concur.