■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH A. GARRAND, Appellant. [953 NYS2d 727]—

Rose, J. Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered October 24, 2011, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In satisfaction of a four-count indictment, defendant pleaded guilty to a single count of criminal sale of a controlled substance in the third degree, and waived his right to appeal his conviction and sentence. He was sentenced, in accordance with the plea agreement, to four years in prison, followed by two years of postrelease supervision. Defendant now appeals, contending that his appeal waiver is invalid and that his sentence is harsh and excessive.

We affirm. Contrary to defendant's argument, we find that he knowingly waived his right to appeal in the course of the plea allocution. Defendant was fully and separately advised regarding the nature of the appeal rights he was waiving and the consequences of doing so (see People v Lopez, 97 AD3d 853, 853 [2012], lv denied 19 NY3d 1027 [2012]; cf. People v Maracle, 19 NY3d 925 [2012]). County Court made sure that defendant discussed the waiver with counsel and specifically informed defendant that, while he would normally be allowed to appeal his sentence, if he agreed to the waiver he would not be able to challenge the sentence unless the court failed to follow the plea

commitment. Regardless of the lack of a written waiver, the colloquy was sufficient to apprise defendant of the separate rights he was forfeiting and to ensure that his appeal waiver was a knowing and voluntary choice (see People v White, 96 AD3d 1299, 1299-1300 [2012], lv denied 19 NY3d 1029 [2012]; People v Benson, 87 AD3d 1228, 1228 [2011]). Inasmuch as the court adhered to the plea commitment, its statement at the conclusion of the subsequent sentencing proceeding that defendant had the right to appeal his sentence was a mere oversight that did not invalidate the waiver. Given our conclusion that defendant validly waived his right to appeal, he is precluded from claiming that the sentence imposed is harsh and excessive (see People v Lopez, 97 AD3d at 853-854; see also People v Lopez, 6 NY3d 248, 255-256 [2006]).

Peters, P.J., Spain, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.