(December 20, 2012)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WALKER, Appellant. [956 NYS2d 306]—

McCarthy, J.

Defendant did not receive the effective assistance of counsel.* At sentencing, the new counsel who had been assigned—for this charge and at least some of the new charges—stated that he had spoken with defendant "at length." Supreme Court noted that it had provided counsel with the transcript from the plea proceeding. When the court asked if "defense counsel and/or the defendant himself" wished to be heard, counsel stated that he "didn't represent [defendant] for the plea he has pled guilty to. Perhaps [defendant] would be more competent making argument in regard to sentence than myself." Defendant was then left to address all sentencing issues, including his arrests on the new charges, without assistance from counsel. Although defendant may have been more aware of the factual circumstances, counsel should have argued against sentence enhancements based on the new arrests. A legitimate and complex legal argument existed as to whether the admonishments contained a "no-misconduct-leading-to-arrest" provision or "no arrest" provision (see Spence v Superintendent, Great Meadow Correctional Facility, 219 F3d 162, 167-169 [2d Cir 2000]), and whether defendant was entitled to a hearing to establish any violation of the admonishments. Defendant denied guilt of the new charges and stated that one of his arrests was based on fabrication and improper conduct by law enforcement. Legal argument on enhancement was required, but counsel did not address this legal issue, leaving defendant to argue for himself. This utter lack of participation by counsel in the legal aspect of the

* Although the People contend that some of defendant's arguments are precluded by his waiver of appeal, we find that the waiver was invalid because County Court (Bruhn, J.) did not make clear to defendant that the right to appeal was "separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]; compare People v Garrand, 100 AD3d 1156, 1156-1157 [2012]).

proceedings constituted ineffective representation (*see People v Edmond*, 84 AD2d 938 [1981]; *compare People v Graham*, 169 AD2d 512, 513 [1991], *lv denied* 77 NY2d 906 [1991]). Thus, we vacate the sentence and remit for further proceedings with new counsel.

Based on our modification of the judgment, the appeal from the order denying defendant's CPL 440.20 motion is academic.

Mercure, J.P., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered that the appeal from the order is dismissed, as academic.