■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTWAN HARRISON, Appellant. [977 NYS2d 374]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Brennan, J.), imposed June 4, 2012, upon his conviction of assault in the first degree (two counts) and criminal possession of a weapon in the second degree, the resentence being a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed on October 24, 2000.

Ordered that the resentence is affirmed.

"[A] defendant has the constitutionally guaranteed right to be defended by counsel of his own choosing" (*People v Arroyave*, 49 NY2d 264, 271 [1980]; *see People v Martin*, 41 AD3d 616, 616 [2007]; *People v Stevenson*, 36 AD3d 634, 634 [2007]). However,

"this right is qualified in the sense that a defendant may not employ such right as a means to delay judicial proceedings" (*People v Arroyave*, 49 NY2d at 271). The question of whether a continuance should be granted to afford a defendant the opportunity to retain counsel of his or her choosing is a matter largely within the discretion of the court (*see id.*). "[W]hether a defendant has been denied his right to retain counsel of his own choosing can only be answered by examining the particular facts of each case" (*id.*). Contrary to the defendant's contention, under the particular circumstances of this case, the Supreme Court providently exercised its discretion in denying the defendant's request, made as resentencing commenced (*see generally id.*; *People v Allison*, 69 AD3d 740, 741 [2010]; *People v Campbell*, 54 AD3d 959, 959-960 [2008]; *People v Goodwine*, 46 AD3d 702, 702 [2007]; *People v Persad*, 306 AD2d 359, 359 [2003]), in effect, for an adjournment to retain private counsel.

"Inasmuch as the defendant had not yet completed serving his originally imposed sentence of imprisonment when he was resentenced, his resentencing to a term including the statutorily required period[s] of postrelease supervision did not violate the double jeopardy and due process clauses of the United States Constitution" (*People v Hernandez*, 110 AD3d 918, 919 [2013]; *see People v Lingle*, 16 NY3d 621, 630-632 [2011]; *People v Jiggetts*, 108 AD3d 641, 641 [2013]; *People v Wheeler*, 108 AD3d 646, 646 [2013], *lv denied* 21 NY3d 1078 [2013]; *People v Dawkins*, 87 AD3d 550, 550 [2011]; *People v Harris*, 86 AD3d 543, 543-544 [2011]).

The resentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dickerson, J.P., Hall, Cohen and Miller, JJ., concur.