■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAYSHAWN PERKINS, Appellant. [983 NYS2d 732]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Marrus, J.), imposed June 8, 2012, upon his conviction of attempted murder in the second degree and robbery in the first degree, the resentence being periods of postrelease supervision in addition to the determinate terms of imprisonment previously imposed on June 14, 2005.

Ordered that the resentence is affirmed.

The Supreme Court properly granted the defendant's motion pursuant to CPL 440.20 to vacate his sentence only to the extent of directing the defendant to appear for a resentencing hearing

so that it could pronounce the postrelease supervision periods in the defendant's presence (*see People v Boyer*, 22 NY3d 15, 25 [2013]; *People v Sparber*, 10 NY3d 457, 471 [2008]).

Furthermore, since the defendant had not yet completed his originally imposed sentences of imprisonment when he was resentenced, his resentencing to a term including the statutorily required periods of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (*see People v Lingle*, 16 NY3d 621, 630-632 [2011]; *People v Harrison*, 112 AD3d 967 [2013]; *People v Hernandez*, 110 AD3d 918, 919 [2013], *lv denied* 22 NY3d 1139 [2014]; *People v Rogers*, 105 AD3d 776, 777 [2013]). Balkin, J.P., Lott, Roman and Miller, JJ., concur.