■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUS BETHEA, Appellant. [10 NYS3d 455]—Appeal by the defendant from a resentence of the Supreme Court, Kings County (Brennan, J.), imposed February 26, 2013, upon his conviction of robbery in the first degree (two counts), upon a jury verdict, the resentence being two concurrent five-year periods of postrelease supervision in addition to the determinate terms of imprisonment previously imposed on May 12, 2003.

Ordered that the resentence is affirmed.

Since the defendant had not yet completed his originally imposed sentence of imprisonment when he was resentenced, his resentencing to include the statutorily required periods of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (*see People v Lingle*, 16 NY3d 621 [2011]; *People v Harrison*, 112 AD3d 967 [2013]; *People v Hernandez*, 110 AD3d 918, 919 [2013]; *People v Rogers*, 105 AD3d 776 [2013]).

Under the circumstances of this case, the defendant was not deprived of the effective assistance of counsel due to his counsel's failure to make a statement on his behalf at resentencing (*see People v Benevento*, 91 NY2d 708, 714 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Morel*, 250 AD2d 626 [1998]; *People v Millington*, 111 AD2d 993, 995 [1985]; *People v Williams*, 97 AD2d 599, 600 [1983]).

The periods of postrelease supervision imposed by the Supreme Court upon the defendant's resentencing were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant failed to preserve for appellate review his contention that he was entitled to a "violent felony override" (*see* CPL 470.05 [2]). In any event, this contention is without merit (*see People v Lynch*, 121 AD3d 717 [2014]). Contrary to the defendant's further contentions, the original sentence imposed was not illegal or unauthorized, and the resentencing proceeding was not time-barred (*see People v Velez*, 19 NY3d 642 [2012]). Balkin, J.P., Austin, Duffy and Barros, JJ., concur.