THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY NEGRIN, Appellant. [35 NYS3d 200]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered December 22, 2011, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant next contends that the Supreme Court erred in permitting a detective to testify about the circumstances under which he discovered the defendant's nickname. Specifically, the defendant contends that the detective's testimony conveyed to the jury that a nontestifying witness had implicated him in the crime. To the extent that the defendant's claim is based on his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution (*see* US Const 6th Amend; *Crawford v Washington*, 541 US 36 [2004]), it is not preserved for appellate review, inasmuch as the defendant objected to the testimony only on the ground that it constituted hearsay (*see* CPL 470.05 [2]; *People v Prince*, 128 AD3d 987, 987 [2015]). Admission of the testimony without a limiting instruction was, however, error. We note that after the People contended that the evidence was offered to explain the course of the police investigation, and not for its truth, the court rejected defense counsel's request that it explain that limited purpose to the jury. In refusing that request, the court erred. Nevertheless, the error was harmless, as the evidence of the defendant's guilt was overwhelming, and there was no significant probability that the error affected the verdict (*see People v Crimmins*, 36 NY2d 230, 242 [1975]).

The Supreme Court also properly admitted into evidence portions of recordings of telephone calls made by the defendant from prison, which were " 'indicative of a consciousness of guilt, and hence of guilt itself' " (*People v Bennett*, 79 NY2d 464, 469 [1992], quoting *People v Reddy*, 261 NY 479, 486 [1933]; *see People v Case*, 113 AD3d 872, 873 [2014]). Moreover, contrary to the defendant's claim, the admission of these recordings did not violate his Sixth Amendment right to counsel (*see People v Johnson*, 27 NY3d 199 [2016]; *see generally United States v Henry*, 447 US 264 [1980]).

The defendant's contention that the prosecutor's summation remarks constituted reversible error because she allegedly vouched for the credibility of witnesses, purported to instruct the jury on the law, and made inflammatory comments is largely unpreserved for appellate review, since he made only a general objection, failed to request curative instructions, and did not timely move for a mistrial on this ground (*see* CPL 470.05 [2]; *People v Balls*, 69 NY2d 641, 642 [1986]; *People v Salnave*, 41 AD3d 872, 874 [2007]). In any event, the comments alleged to be prejudicial were either fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105 [1976]), responsive to arguments and theories presented in the defense summation (*see People v Galloway*, 54 NY2d 396 [1981]), or harmless (*see People v Crimmins*, 36 NY2d at 241-242; *People v Hill*, 286 AD2d 777, 778 [2001]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Balkin, J.P., Roman, Cohen and Hinds-Radix, JJ., concur.