■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME WITHERSPOON, Appellant. [47 NYS3d 391]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered November 20, 2013, convicting him of assault in the first degree, criminal possession of a weapon in the second degree (two counts), assault in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that trial counsel provided the defendant with meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). The defendant was not deprived of the effective assistance of counsel based upon trial counsel's failure to request a justification charge. Viewing the record in the light most favorable to the defendant, no reasonable view of the evidence would support a finding that his actions were justified (*see* Penal Law § 35.15 [2]; *People v Albritton*, 63 AD3d 749, 749 [2009]; *People v Hayes*, 51 AD3d 688, 688 [2008]; *People v Barling*, 269 AD2d 458, 458 [2000]). Moreover, trial counsel's failure to request further redactions to those portions of the complaint that were read to the jury did not amount to ineffective assistance of counsel, since an attorney is not deemed ineffective for failing to pursue an argument that had little or no chance of success (*see People v Ennis*, 11 NY3d 403, 415 [2008]). Additionally, contrary to the defendant's contention, the complainant's testimony and a detective's testimony about the circumstances under which they discovered the

perpetrator's nickname, and how the nickname led to the defendant's arrest, did not provide evidence from which the jury would invariably conclude that the defendant had previously been convicted of a crime, and was admissible for the nonhearsay purpose of establishing the reasons behind the detective's actions, and to complete the narrative of events leading to the defendant's arrest (*see People v Speaks*, 124 AD3d 689, 691 [2015], *affd* 28 NY3d 990 [2016]; *People v Ragsdale*, 68 AD3d 897 [2009]; *People v Smalls*, 293 AD2d 500, 501 [2002]). While trial counsel should have requested a limiting instruction that this testimony should not be considered for its truth (*see People v Negrin*, 140 AD3d 1192, 1193 [2016]), this single error was not sufficiently egregious and prejudicial as to compromise the defendant's right to a fair trial, and, thus, did not render counsel's performance ineffective (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Mason*, 119 AD3d 710, 711 [2014]; *People v Lewis*, 117 AD3d 751, 752 [2014]).

The defendant's contention that the Supreme Court should have instructed the jury with regard to the defense of justification is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Harris*, 48 AD3d 830, 830 [2008]) and, in any event, without merit (*see People v Kin Wong*, 81 AD3d 421 [2011]; *People v Moore*, 66 AD3d 707, 709-710 [2009], *affd* 15 NY3d 811 [2010]; *People v Ojar*, 38 AD3d 684, 685 [2007]; *People v Castano*, 236 AD2d 215 [1997]; *People v Pichardo*, 168 AD2d 577, 578 [1990]).

However, as the People correctly concede, the defendant's conviction of assault in the second degree, and the sentence imposed thereon, must be vacated, and that count of the indictment must be dismissed, because that count is an inclusory concurrent count of the defendant's conviction of assault in the first degree (*see* CPL 300.40 [3] [b]; *People v Gaviria*, 67 AD3d 701 [2009]). Leventhal, J.P., Roman, Sgroi and Connolly, JJ., concur.