People v Roberts (2021 NY Slip Op 00878)





People v Roberts


2021 NY Slip Op 00878


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-02957
2019-02958

[*1]The People of the State of New York, respondent,
v
Corey Roberts, appellant. (Ind. Nos. 4619/15, 6927/15)


Craig S. Leeds, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Camille O'Hara Gillespie of counsel; Marielle Burnett on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Jill Konviser, J.), both rendered January 2, 2019, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 4619/15, and attempted murder in the second degree (two counts) under Indictment No. 6927/15, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264). The Supreme Court mischaracterized the nature of the right to appeal by incorrectly describing the scope of appellate review (see People v Thomas, 34 NY3d 545, 563-566), and the written waiver form did not overcome the deficiencies in the court's explanation of the right to appeal, as it stated that the defendant's sentences and convictions would be final (see id. at 566). Accordingly, the purported waiver does not preclude appellate review of the defendant's present contentions.
However, under the circumstances of this case, the defendant was not deprived of the effective assistance of counsel due to defense counsel's failure to make a statement on his behalf at sentencing (see People v Bethea, 129 AD3d 986; People v Morel, 250 AD2d 626).
Furthermore, the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., CHAMBERS, AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court