People v Armstrong (2022 NY Slip Op 06485)

People v Armstrong

2022 NY Slip Op 06485

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2018-15119
 (Ind. No. 2160/16)

[*1]The People of the State of New York, respondent,
v
Lionel Armstrong, appellant.

Patricia Pazner, New York, NY (Cynthia Colt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered November 26, 2018, convicting him of attempted murder in the second degree and menacing in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contentions that the testimony of a police detective constituted improper inferential hearsay and that the admission of such testimony violated his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution are unpreserved for appellate review, since no specific objections were made to the challenged testimony (see CPL 470.05[2]; People v Fernandez, 115 AD3d 977, 978; People v Walker, 70 AD3d 870, 871). In any event, the testimony was properly admitted for the relevant, nonhearsay purpose of establishing the reasons behind the detective's actions and to complete the narrative of events leading to the defendant's arrest (see People v Prince, 128 AD3d 987, 987). The defendant was not deprived of his right to the effective assistance of counsel because his counsel failed to object to the admission into evidence of the detective's testimony. "A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (People v Adelman, 36 AD3d 926, 928).
Contrary to the defendant's further contention, his due process rights were not violated by his exclusion from a material witness hearing. The sole issue considered by the Supreme Court at the hearing was whether a witness was willing to attend trial voluntarily or should be compelled to attend via a material witness order. As such, the defendant's exclusion from the hearing did not have a substantial relationship to his ability to defend against the charges against him (see People v Fermin, 150 AD3d 876, 878).
The defendant's contention that he was deprived of a fair trial by certain of the prosecutor's summation remarks is without merit. The challenged portions of the prosecutor's summation were fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to defense counsel's summation, or within the bounds of permissible rhetorical comment (see People v Ashwal, 39 NY2d 105, 110).
The defendant was properly sentenced as a persistent violent felony offender based upon his 1974 manslaughter conviction and 1983 attempted robbery conviction. Contrary to the defendant's contention, his vague allegations were insufficient to warrant a hearing on whether his 1974 manslaughter conviction was unconstitutionally obtained (see People v Stallone, 204 AD3d 841).
The defendant's remaining contention is unpreserved for appellate review and need not be reached in light of our determination.
DILLON, J.P., CHRISTOPHER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court