People v Limbu (2023 NY Slip Op 04322)

People v Limbu

2023 NY Slip Op 04322

Decided on August 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2019-09255
 (Ind. No. 1463/17)

[*1]The People of the State of New York, respondent,
v
Kumar Limbu, appellant.

Patricia Pazner, New York, NY (Caitlyn Carpenter and Leila Hull of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Charles T. Pollak, and Jaedon J. Huie of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered July 25, 2019, convicting him of predatory sexual assault against a child, criminal sexual act in the first degree, incest in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court properly determined that the People would be able to use the defendant's prior illegally-obtained statements as impeachment evidence should the defendant decide to testify. Where a statement is "obtained in violation of any aspect of a defendant's Miranda rights" (see Miranda v Arizona, 384 US 436), the statement is not admissible as evidence-in-chief but may still be used "to impeach a defendant who chooses to take the stand and whose testimony is inconsistent with his illegally obtained statement" (People v Maerling, 64 NY2d 134, 140). If such a statement "is voluntary, it may be used for impeachment purposes; but if a statement is involuntary, it will not be admissible, even if it may be deemed reliable" (People v Wilson, 28 NY3d 67, 72).
Here, although the defendant admitted at his interrogation that he did not speak English well, he demonstrated a general understanding of the English language and was not subjected to any legal or physical coercion. Throughout the interrogation, the defendant often used terms the officers had not used, elaborated on his answers unprompted, and demonstrated an [*2]understanding of the consequences of what he was saying. Accordingly, the defendant was a willing participant in the interrogation and his statements were the product of "rational intellect" and "free will" (Mincey v Arizona, 437 US 385, 398 [emphasis and internal quotation marks omitted]).
The defendant's contention that certain counts of the indictment were multiplicitous is unpreserved for appellate review, and, under the circumstances of this case, we decline to review it in the exercise of our interest of justice jurisdiction (see People v O'Sullivan, 211 AD3d 751, 753; People v Maitland, 159 AD3d 524, 525).
The defendant failed to preserve for appellate review his contention that the sentence imposed by the Supreme Court improperly penalized him for exercising his right to a jury trial, because he did not set forth the issue on the record at the time of sentencing (see People v Moncayo, 195 AD3d 750, 750). In any event, the record fails to establish that the court penalized the defendant for exercising his right to proceed to trial (see People v Cruz, 137 AD3d 1158, 1160).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
IANNACCI, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court