People v Trantham (2024 NY Slip Op 01321)

People v Trantham

2024 NY Slip Op 01321

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-14082
 (Ind. No. 105/18)

[*1]The People of the State of New York, respondent,
v
Richard Trantham, appellant.

Patricia Pazner, New York, NY (Chelsey Amelkin of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Rebecca Nealon of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gia Morris, J.), rendered November 20, 2019, convicting him of compelling prostitution, sex trafficking, promoting prostitution in the second degree (two counts), promoting prostitution in the third degree, rape in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Following a jury trial, the defendant was convicted of compelling prostitution, sex trafficking under Penal Law § 230.34(5)(a), two counts of promoting prostitution in the second degree, promoting prostitution in the third degree, rape in the third degree, and endangering the welfare of a child.
The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is partially unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the integrity of the grand jury proceeding was not impaired by the presentation to the grand jury of evidence against the defendant, as well as evidence against another individual also alleged to have engaged in the sex trafficking of the same complainant. "A dismissal pursuant to CPL 210.35(5) is an 'exceptional remedy'" (People v Kennedy, 272 AD2d 627, 628, quoting People v Darby, 75 NY2d 449, 455). Here, the defendant "failed to demonstrate that the manner in which the presentment was made 'potentially [prejudiced] the ultimate decision reached by the Grand Jury'" (People v Kennedy, 272 AD2d at 628, quoting [*2]People v Huston, 88 NY2d 400, 409), as, inter alia, "[t]he evidence as to each incident was not so intertwined as to confuse the jurors . . . and the jurors were instructed to consider the evidence separately against [the defendant and the other accused sex trafficker]" (People v Kennedy, 272 AD2d at 628).
The Supreme Court providently exercised its discretion in denying the defendant's motions for a mistrial based upon allegations of juror misconduct (see People v Pierotti, 208 AD3d 1254, 1256).
Many of the defendant's contentions regarding alleged hearsay testimony are unpreserved for appellate review as a result of unelaborated objections (see People v Hobson, 220 AD3d 806, 808; Matter of Licitra v Licitra, 219 AD3d 837, 838; People v Armstrong, 210 AD3d 900, 900). In any event, the challenged testimony was admissible for the nonhearsay purposes of completing the narrative of the witnesses' testimony, and as background material necessary to facilitate the jury's understanding of the relationships and events testified to by the witnesses (see People v Armstrong, 210 AD3d at 900; People v Jones, 9 AD3d 374, 375).
The Supreme Court did not improvidently exercise its discretion in allowing a detective to testify for the People as an expert on sex trafficking and promoting prostitution. The detective was properly permitted to testify regarding the "coded language used by pimps and prostitutes" (United States v Pruitt, 839 Fed Appx 90, 93 [9th Cir 2020]) and "did not infringe on the jury's fact-finding function as the expert did not directly express opinions about the ultimate issues in the case" (People v Williams, 211 AD3d 1055, 1057; see People v Rabanal, 139 AD3d 758, 759).
The defendant's contention that certain remarks by the prosecutor during summation were improper is unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Thomas, 200 AD3d 912, 914). In any event, the challenged remarks were fair comment on the evidence and the reasonable inferences to be drawn therefrom or responsive to defense counsel's summation, or otherwise did not deprive the defendant of a fair trial (see People v Kattau, 192 AD3d 910, 913).
The defendant received meaningful representation from his trial counsel (see People v Gross, 26 NY3d 689, 693; People v Benevento, 91 NY2d 708, 712). The defendant's contentions that defense counsel's failure to challenge the indictment as multiplicitous, or to preserve objections to certain hearsay testimony demonstrated counsel's ineffectiveness are without merit, as such challenge or objections would have had little or no chance of success (see People v O'Sullivan, 211 AD3d 751, 753).
Nor was the defendant deprived of the effective assistance of counsel at sentencing. Although counsel at sentencing was not the same counsel who represented the defendant during the trial, he appeared familiar with the facts of the case and "argued cogently for leniency" (People v Lopez, 197 AD2d 594, 595; see People v Jones, 181 AD3d 714, 715).
"The defendant failed to preserve for appellate review his contention that the sentence imposed by the Supreme Court improperly penalized him for exercising his right to a jury trial, because he did not set forth the issue on the record at the time of sentencing" (People v Limbu, 219 AD3d 756, 757; see People v Moncayo, 195 AD3d 750, 750). In any event, the record here fails to establish that the court penalized the defendant for exercising his right to proceed to trial (see People v Limbu, 219 AD3d at 757; People v Cruz, 137 AD3d 1158, 1160).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court