People v Johnson
2026 NY Slip Op 03824
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Merciful Johnson, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2019-06396, (Ind. No. 4428/17)
Betsy Barros, J.P.
Lillian Wan
Donna-Marie E. Golia
Elena Goldberg Velazquez, JJ.

Jeffrey Lichtman, New York, NY (David Gelfand and Matthew Cohan of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered April 9, 2019, convicting him of murder in the second degree and attempted assault in the first degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 25 years to life on the conviction of murder in the second degree and a consecutive determinate term of imprisonment of 15 years plus five years of postrelease supervision on the conviction of attempted assault in the first degree. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence is partially unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644).
Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress identification evidence. The evidence adduced at the Wade hearing (see United States v Wade, 388 US 218) established that the pretrial identification procedures were not unduly suggestive (see People v Rosado, 222 AD2d 617, 619; People v Brathwaite, 163 AD2d 402, 403). Further, contrary to the defendant's contention, the failure to employ a double-blind sequential procedure is not a basis for suppression of the lineup, as [*2]there is no mandate to use any specific procedure (see People v Kluge, 180 AD3d 705, 709).
The defendant's challenge to the in-court identification by one of the People's witnesses, identifying the defendant as having been at the scene, is unpreserved for appellate review (see CPL 470.05[2]; People v West, 56 NY2d 662, 663) and, in any event, without merit (see People v Johnson, 197 AD3d 725, 727; People v Trottie, 167 AD2d 438, 438-439).
The defendant contends that the Supreme Court erred in admitting the testimony of a police detective, recounting how he was informed of the nickname "Merce" or "Merciful" in relation to the crime. While the defendant's assertion that the admission of such testimony violated his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution is unpreserved for appellate review (see CPL 470.05[2]; People v Armstrong, 210 AD3d 900, 900; People v Prince, 128 AD3d 987, 987), the defendant's assertion that such testimony constituted improper hearsay was raised in the Supreme Court. Nevertheless, here, the testimony was admissible for the nonhearsay purpose of establishing the reasons behind the detective's actions and to complete the narrative of events leading to the defendant's arrest (see People v Armstrong, 210 AD3d at 900; People v Witherspoon, 147 AD3d 985, 985-986; People v Negrin, 140 AD3d 1192, 1193). Although the court should have given a limiting instruction regarding this testimony, the court had agreed, upon the defendant's request, to give a limiting instruction, and the defendant failed to alert the court of the error (see People v Negrin, 140 AD3d at 1193). In any event, any error in failing to give a limiting charge was harmless, as the evidence of the defendant's guilt was overwhelming, and there was no significant probability that the error affected the verdict (see People v Crimmins, 36 NY2d 230, 242; People v Negrin, 140 AD3d at 1193).
The defendant also failed to preserve for appellate review his contention that the Supreme Court improperly permitted two witnesses, who were not formally qualified as expert witnesses, to testify regarding cell site location information, as the defendant did not object to the admission of the challenged testimony on this ground (see CPL 470.05[2]; People v Laigo, 70 AD3d 970, 971). Although not formally qualified as expert witnesses, the witnesses demonstrated through their testimony that they had sufficient experience to qualify as expert witnesses on cell site location information (see People v Robinson, 118 AD3d 1028, 1029; see generally People v Riche, 225 AD3d 30, 38). In any event, to the extent that the admission of the expert testimony may have been improper, it was not so egregious as to deprive the defendant of a fair trial (see People v Laigo, 70 AD3d at 971).
The defendant's contention that the Supreme Court improperly permitted the People to treat a prosecution witness as a hostile witness is unpreserved for appellate review, since the defendant failed to object when the court granted the prosecutor permission to treat the witness as a hostile witness (see CPL 470.05[2]; People v Upson, 186 AD3d 1270, 1271). In any event, the court providently exercised its discretion in permitting the prosecutor to treat a prosecution witness as hostile (see People v Rivera, 130 AD3d 487, 488; People v Marshall, 220 AD2d 692, 693). Any error in permitting the prosecutor's examination of the witness as hostile was harmless error (see People v Upson, 186 AD3d at 1271; People v Wiggins, 170 AD3d 1204, 1205-1206).
The defendant's further contention that his due process rights were violated by his exclusion from material witness hearings is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit (see People v Armstrong, 210 AD3d at 901; People v Fermin, 150 AD3d 876, 878).
The sentence imposed was excessive to the extent indicated herein (see People v Brisman, 43 NY3d 322, 324; People v Suitte, 90 AD2d 80).
BARROS, J.P., WAN, GOLIA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court